UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. DISTRICT COURT
BANGOR, MAINE
RECEIVED AND FILED

2006 SEP 28  P 3: 14

BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Magistrate Case No. _____ |
| ) | |
| BLAKE D. HAMPE ) | |



## COMPLAINT

The undersigned complainant, being duly sworn, states:

### COUNT ONE

That on or about September 27, 2006, in the District of Maine and elsewhere, defendant

**BLAKE D. HAMPE**

knowingly transported and shipped in interstate and foreign commerce by any means, including by computer, child pornography, specifically photographic images and video images depicting minors engaged in sexually explicit conduct.

In violation of Title 18 United States Code, Section 2252A(a)(1) and 2256(8)(A).

### COUNT TWO

That on or about September 27, 2006, in the District of Maine, defendant

**BLAKE D. HAMPE**

knowingly possessed a computer and digital storage media that contained an image or images of child pornography, specifically photographic images and video images the production of which involved the use of a minor engaging in sexually explicit conduct, that had been transported in interstate and foreign commerce, and which were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce, by any means including by computer.

Scanned by: _____
Folder Location: Thus
File Name: 06mj31cmp
Names of Attachments, if any: _____

In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2256(8)(A).

The complainant states that this complaint is based on the attached affidavit, which is incorporated by reference herein.

*[signature]*
Kenneth C. Cogan
Senior Special Agent
United States Immigration and Customs Enforcement

SWORN AND SUBSCRIBED TO before me
this 28TH day of September, 2006

*[signature]*
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

# AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Kenneth C. Cogan, being first duly sworn, hereby deposes and states as follows:

1. I am a Senior Special Agent (SSA) of the United States Immigration and Customs Enforcement (ICE) currently assigned to the Office of the Resident Agent in Charge, Bangor, Maine and have been an officer of ICE (Legacy U.S. Customs Service) since April 18, 1988. While at the United States Customs Academy in 1988, I received training in child pornography investigations, which included instruction on the behavioral analysis of child molesters, how to identify types of child molesters and pedophiles, behavioral characteristics of pedophiles, child erotica, pedophile paraphernalia, motivations for pedophile collections, pedophiles' use of child pornography collections, the investigative role of law enforcement, pedophiles' defenses and investigative strategy. I have received specialized training to assist me in identifying depictions of minors engaged in sexually explicit conduct in violation of Title 18, United States Code, Sections 2252, 2252A, and 2256. I have been involved in several investigations involving the international trafficking of child pornography. In addition, I am an experienced investigator and have been involved in numerous narcotics distribution, narcotics smuggling, money laundering and asset forfeiture investigations during my career which have resulted in the seizure of narcotics and real property, arrest of suspects, their prosecutions and convictions.

2. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United Sates Code, Section 2510(7) as a Special Agent of ICE. As such, I am empowered to conduct investigations of and to make arrests for offenses involving the sexual

1

exploitation of children enumerated in Title 18, United States Code, Section 2252A and for other federal felony offenses.

3. I write this affidavit in support of a complaint alleging a violation Title 18, United States Code, Section 2252A(a)(1) and Section 2252A(a)(5)(B). I have obtained the information contained in this affidavit from my own investigation and from the investigation conducted by Custom and Border Protection (CBP) officers Felix Garcia, David Ruddick, and Herb Spencer. Because this affidavit is being submitted for the limited purposes of establishing probable cause, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Blake D. Hampe has violated Title 18, United States Code, Section 2252A(a)(5)(B) and 2256(8)(A).

## STATEMENT OF PROBABLE CAUSE

4. On September 27, 2006, at approximately 7:50 PM Blake D. Hampe arrived from Canada at the Bar Harbor Ferry Terminal port of entry, Bar Harbor, Maine. Hampe drove a vehicle off the ferry that had arrived from Canada. CBP Officer Spencer asked Hampe whether he had anything to declare. Hampe said that he did not have anything to declare and that he did not have to answer Officer Spencer's questions because he was a U.S. citizen. Officer Spencer referred Hampe and his vehicle to the secondary inspection. In a search of Hampe's vehicle, CBP officers discovered approximately 1 gram of what they recognized as marijuana. In addition, officers discovered a children's sized sleeping bag that displayed animated characters known as the Fantastic Four (Superheroes), several stuffed animals, personal lubricant, legos,

condoms, and a laptop computer. CBP officer Michael Hutchins conducted a manual search of Hampe's Apple MacBook Pro laptop computer and discovered several image and video files that he believed to be child pornography.

    5. At approximately 8:45 PM, the CBP officers at the Bar Harbor Ferry Terminal port of entry contacted me to describe their contact with Hampe. I traveled to the Bar Harbor Ferry Terminal. When I arrived I met with CBP Officer Hutchins who showed me several image files and one video file on Hampe's computer that Officer Hutchins believed to be child pornography. A video file on the computer named "12 Cute 12 yo 13 yo preteen gay…boners A.avi" shows two prepubescent boys sitting on a couch wearing only underpants. In the video, the boys remove their underpants and the camera zooms in on one boy's erect penis. Each of the boys in the video is small in stature with no significant muscle development. Neither boy shows any signs of sexual maturation–they have no pubic hair, no facial hair, and no visible hair on their bodies other than the hair each boy has on his head. Two of the image files I viewed show two naked prepubescent boys. One boy is performing oral sex on the other boy and the boy receiving the oral sex has an erect penis. Like the boys in the video file I viewed, the boys in the image files are small in stature with no significant muscle development. Neither boy shows any signs of sexual maturation–they have no pubic hair, no facial hair, and no visible hair on their bodies other than the hair each boy has on his head. Based on my training and experience I believe the video file I viewed and the image files I viewed depict minors children engaged in sexually explicit conduct.

    6. After viewing the video and image files I provided Hampe with <u>Miranda</u> warnings. Hampe agreed to answer my questions. I asked Hampe if he was under the influence of any

drugs or alcohol and he said that he was not. Hampe told me that he is attracted to teenage boys between the ages of 16 and 18 years old. Hampe said that on one occasion he had a sexual encounter with a minor boy who was 17 years old. Hampe said that he was about 12 years old when he realized his attraction to young boys. Hampe acknowledged that the computer seized from him by the CBP officers was his computer and he told me that he had obtained the pornography that was on the computer by trading images of child pornography on the Internet. I asked Hampe to define child pornography and he replied that it was "children engaging in sexual acts." I asked him if he meant minor children and he replied "yes." Hampe told me that he had driven from Manchester, New Hampshire, through Maine to New Brunswick, Canada, and ultimately to Yarmouth, Nova Scotia. He told me that his purpose in traveling to Nova Scotia had been to attend a music concert. He told me that he had brought his laptop computer with him on the trip from Manchester, New Hampshire.

7. Based on the above information, there is probable cause to believe that Blake D. Hampe has violated: (1) Title 18, United States Code, Section 2252A(a)(1) which makes it a federal crime to transport or ship child pornography as defined by 18 U.S.C. § 2256(8)(A) in interstate of foreign commerce, and (2) Title 18, United States Code, Section 2252A(a)(5)(B), which makes it a federal crime for any person to knowingly possess images of minors engaging in sexually explicit conduct that have traveled in interstate or foreign commerce by any means.

I, Kenneth C. Cogan, hereby swear under oath that the information set forth in this affidavit is true and correct to the best of my knowledge, information and belief, and that I make this oath under pains and penalties of perjury.

Dated: September 28, 2006

*(signature)*
Kenneth C. Cogan
Senior Special Agent
United States Immigration and Customs Enforcement


STATE OF MAINE

PENOBSCOT, SS.                                           September 28, 2006

Personally appeared before me the above-named Kenneth C. Cogan, and made oath as to the truth of the foregoing affidavit signed by him.

Signed and sworn to before me this date, September 28, 2006.

*(signature)*
JOHN A. WOODCOCK, JR.
United States District Judge

5